## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| CAMIKA SHELBY, as Heir of NIGEL SHELBY and as Personal Representative for the Estate of NIGEL SHELBY, a Minor, Deceased, and Patrick Cruz as Heir of NIGEL SHELBY, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF HUNTSVILLE; MAYOR TOMMY BATTLE, Mayor of the City of Huntsville, in his official capacity; CITY OF HUNTSVILLE BOARD OF EDUCATION; HUNTSVILLE CITY SCHOOLS; CHRISTINE FINLEY, Superintendent of HUNTSVILLE CITY SCHOOLS, in her official and individual capacity; HUNTSVILLE HIGH SCHOOL; AARON KING, in his individual and official capacity; LAUREN WOLTJEN, in her individual and official capacity; DAVID WHITENER, in his individual and official capacity; and JO STAFFORD, in her individual and official capacity; <br><br> *Defendants*. | **Complaint** <br><br> Civil Action No. __ |

## **INTRODUCTION**

Nigel Shelby was a child who suffered severe bullying and periodic battery at school on the basis of race and gender/sex/sexuality. He and his classmates repeatedly notified school administrators of the extent and effects of the discrimination and bullying. Under federal statutes and state tort law, school administrators were required to take some reasonable steps to determine

1

what was going on and try to stop it – or at the very least follow the school's own procedures, counsel and comfort the child, and notify the child's parents or appropriate authorities.

Instead, school administrators mocked Shelby, referring to his situation as a "joke," **telling him to dance to "Black People" music, and using an** hourglass to limit his entreaties for help. They were deliberately indifferent to obvious evidence of self-harm **and even sympathized with the bullying, suggesting that Shelby's sexual identity was an "adult choice" that merited "adult consequences."** When the tragic news of Shelby's death broke, school officials said that they expected to find a suicide note – and knew specifically where to look for one.

This is an extreme case that, as a matter of law, school policy, and basic human dignity, should never have come to pass. Now, **Plaintiff NIGEL SHELBY ("NIGEL SHELBY"), a deceased minor, by and through his mother and father, CAMIKA SHELBY and PATRICK CRUZ,** bring this action against Defendants CITY OF HUNTSVILLE; MAYOR TOMMY BATTLE, Mayor of the City of Huntsville, in his official capacity; CITY OF HUNTSVILLE BOARD OF EDUCATION; HUNTSVILLE CITY SCHOOLS; CHRISTINE FINLEY, Superintendent of HUNTSVILLE CITY SCHOOLS, in her official and individual capacity; HUNTSVILLE HIGH SCHOOL; AARON KING, in his individual and official capacity; LAUREN WOLTJEN, in her individual and official capacity; DAVID WHITENER, in his individual and official capacity; and JO STAFFORD, in her individual and official capacity; for the wrongful death of NIGEL SHELBY on April 18, 2019, and for damages, and allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.  This Court has Federal question and supplemental subject matter jurisdiction over this action pursuant to Title IX, 28 U.S.C. §§1331 and 1343; Title VI of the Civil Rights Act of 1964,

42 U.S.C. §2000d; the Fourteenth Amendment to the Constitution of the United States, Title 42 U.S.C. §1983, §1986, and §1988, and also pursuant to Alabama's Wrongful Death Code §6-5-410, and the doctrine of supplemental jurisdiction to obtain compensatory and punitive damages.

2.    Venue is proper in this District because Defendants are residents of this District.  Venue is also proper in this District because the complained of acts herein, which give rise to these causes of action, occurred within the geographical boundaries of this District.

## PARTIES

3.    Plaintiff CAMIKA SHELBY was the natural mother and the legal custodian of minor decedent, NIGEL SHELBY, is an heir of NIGEL SHELBY, and is the Personal Representative of the Estate of NIGEL SHELBY, and as such, has the power to bring this cause of action.  At all times material hereto, Plaintiff Camika Shelby was a resident of Madison County, Alabama. NIGEL SHELBY, a minor, (deceased), was at all times material hereto enrolled on a continuous and regular basis at Defendant HUNTSVILLE HIGH SCHOOL.

4.    Defendant HUNTSVILLE HIGH SCHOO is under the purview of Defendant CITY OF HUNTSVILLE BOARD OF EDUCATION and is a school within the network of schools within Defendant HUNTSVILLE CITY SCHOOLS of which Defendant Christine Finely is Superintendent; and, is located in the CITY OF HUNTSVILLE of which Defendant TOMMY BATTLE is Mayor.  (hereinafter collectively referred to as Defendant "HBOE").

5.    Plaintiff Patrick Cruz is the natural father and heir of NIGEL SHELBY, deceased, and is a resident of Madison County, Alabama.

6.    Defendant CITY OF HUNTSVILLE BOARD OF EDUCATION and CHRISTINE FINLEY, as superintendent of Defendant HUNTSVILLE CITY SCHOOLS, at all material times hereto, was a constitutionally established local governmental entity entrusted with the supervision

and protection of the students in its charge, which at all times relevant, organized and operated, either directly, indirectly, or through its agents, HUNTSVILLE HIGH SCHOOL which is located at: 2304 Billie Watkins Avenue, Huntsville, Alabama 35801, in the City of Huntsville, Madison County, Alabama.

7.   Defendant AARON KING, an individual, was at all times employed by Defendant CITY OF HUNTSVILLE BOARD OF EDUCATION and was a Principal in his official capacity with disciplinary authority over the students attending HUNTSVILLE HIGH SCHOOL.

8.   Defendant LAUREN WOLTJEN, an individual, was at all times employed by Defendant CITY OF HUNTSVILLE BOARD OF EDUCATION, in her official capacity and was an Assistant Principal with disciplinary authority over the students attending HUNTSVILLE HIGH SCHOOL.

9.   Defendant JO STAFFORD, an individual, was at all times employed by Defendant CITY OF HUNTSVILLE BOARD OF EDUCATION, in an official capacity, as an instructional leader and/or Freshman Academy Administrator and/or Freshman Principal with disciplinary authority over the students attending HUNTSVILLE HIGH SCHOOL.

10. Defendant DAVID WHITENER, an individual, was at all times employed by Defendant CITY OF HUNTSVILLE BOARD OF EDUCATION and was a Guidance Counselor in his official capacity with disciplinary authority over the students attending HUNTSVILLE HIGH SCHOOL.

11. All conditions precedent to the institution of this action, including but not limited to notice as required under Alabama Code Section 11-47-192, have been complied with, excused, or waived.

12. This is an action seeking damages in excess of seventy-five thousand dollars

($75,000.00), exclusive of costs, interest, and attorneys' fees.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. At all times material hereto, decedent NIGEL SHELBY was a student at Huntsville High School.

14. Nigel Shelby was the only son and only child of his mother Plaintiff Camika Shelby. His mother describes him as "full of light, like sunshine, and loving to everybody." Nigel Shelby was a fifteen-year-old African American and openly gay, and was the subject of constant and incessant racist and homophobic bullying, harassment, and discrimination at the hands of students and administrators at Huntsville High School, including but not limited to, Defendant Jo Stafford.

15. Nigel Shelby died by suicide on or about April 18, 2019 as a result of being bullied, cyberbullied, harassed, racially profiled and discriminated against due to his race, sex/gender, and sexual orientation actually and proximately caused by the actions and/or omissions of one or more of the agents and/or employees of Defendant HBOE.

16. Defendant HBOE's administrative staff, including but not limited to Defendants KING, WOLTJEN, WHITENER, and STAFFORD, knew that Plaintiff NIGEL SHELBY suffered from mental health challenges caused by the incessant bullying and discrimination, knew and/or should have known that he engaged in acts of self-harm, and that he suffered from suicidal ideations prior to committing suicide, but failed to prevent and address the discrimination, bullying, and harassment Plaintiff NIGEL SHELBY suffered, directly bullied him and mocked him instead of seeking help for him, and actually and proximately caused Plaintiff NIGEL SHELBY to take his own life.

### School had Prior Notice of Severe and Pervasive Bullying, Harassment, Discrimination, Self-Harm, and Suicidal Ideations

17. After Plaintiff NIGEL SHELBY's death, the egregious actions of Defendant HBOE's

students and administrators were brought to the attention of his mother Plaintiff CAMIKA SHELBY. In particular, Plaintiff CAMIKA SHELBY learned that Nigel Shelby had several discussions about bullying, discrimination, sexuality, and homosexuality with school administrators, particularly the school Principal/Freshman Academy Administrator, and/or Instructional Leader Defendant JO STAFFORD and Defendant DAVID WHITENER the Guidance Counselor. Defendant Jo Stafford and David Whitener were administrators at Huntsville High School with disciplinary authority over the students attending Huntsville High School. Decedent Nigel Shelby reported the bullying, harassment, and discrimination he faced to Huntsville High School teachers and administrators, including but not limited to Defendant JO STAFFORD. Other students also reported bullying, discrimination, the fact that he engaged in self-harm, and his suicidal ideations to Huntsville High School teachers and administrators, including but not limited to, Defendant JO STAFFORD and DAVID WHITENER.

18. Other students that informed Defendant JO STAFFORD of Plaintiff NIGEL SHELBY's distress was either summarily dismissed or mocked by Defendant HBOE agent and/or employee, Defendant JO STAFFORD.

19. Instead of alerting the proper authorities or his mother, Plaintiff CAMIKA SHELBY, or seeking counseling and/or intervention on Nigel Shelby's behalf, Defendant JO STAFFORD played what she called "Black People" music and told his classmates and Plaintiff NIGEL SHELBY to *dance,* replicating a minstrel show in her office and humiliating Plaintiff NIGEL SHELBY.

20. On one occasion when Plaintiff NIGEL SHELBY went to Defendant JO STAFFORD for help, she told him that he only had as much time as the hourglass sand timer would allow. Defendant JO STAFFORD then flipped the timer on her desk over to start the time summarily

dismissing and mocking Plaintiff NIGEL SHELBY's desperate cries for help. Plaintiff NIGEL SHELBY told his peers that Defendant JO STAFFORD thought that he was a joke. Defendant JO STAFFORD told him that being gay "was a choice" and that he could simply just choose to be different.

21. On another occasion when Nigel Shelby reported that he was being harassed on social media, Defendant JO STAFFORD told him that if he was going to make adult statements about his sexuality on social media he would have to deal with adult consequences, i.e., harassment and discrimination.

22. Despite these repeated reports and interactions with school administrators, Defendants JO STAFFORD, DAVID WHITENER, AARON KING, and LAUREN WOLTJEN never contacted Nigel Shelby's mother Plaintiff Camika Shelby about the harassment, bullying, and discrimination he was being subjected to, nor was she informed by the aforementioned parties that Plaintiff NIGEL SHELBY was struggling with his sexual identity, harassment, discrimination, was engaging in self-harm or experiencing suicidal ideations.

### School Administrators Knew Where to Look for a Suicide Note and had Ample Warning about the Risks of Further Self-Harm

23. Defendant JO STAFFORD had clear knowledge that Plaintiff was at risk of suicide due to bullying, harassment, and discrimination and contacted Plaintiff's mother after he died stating: "[t]here is a possibility there was a note to you inside of his book bag. Not sure if you had looked in his book bag." The fact that Defendant JO STAFFORD expected to find a suicide note and even *knew* where to look is evidence that Defendants were well aware that he was at heightened risk of suicide. Defendant JO STAFFORD had disciplinary authority at Huntsville High School, had actual knowledge that Plaintiff NIGEL SHELBY posed a high risk of suicide and had engaged in self-harm, and never took any reasonable, common sense, or affirmative step to intervene and

attempt to prevent him from committing suicide in violation of Defendant HBOE's policies and procedures.

24. Plaintiff NIGEL SHELBY's suicidal ideations and self-harm were so apparent that other Huntsville High School students knew that Plaintiff NIGEL SHELBY was cutting himself and told Defendant JO STAFFORD that Plaintiff NIGEL SHELBY planned to take his own life on more than one occasion. Plaintiff NIGEL SHELBY's suicidal ideations and cutting were not unexpected or isolated incidents, the incidents escalated and spiraled over an extended period of time. Defendant HBOE had ample opportunity after opportunity to provide some basic level of counseling or medical referrals to save Plaintiff NIGEL SHELBY's life. But he failed to take any action to prevent his death by suicide, failed to refer him to counseling and/or to a professional, and instead worsened his condition through their own harassment and discrimination based on his sex/gender, sexual orientation, and race, which actually and proximately caused Plaintiff NIGEL SHELBY's death by suicide.

25. Defendant HBOE had a duty to ensure Plaintiff NIGEL SHELBY's safety and to safely and appropriately address any discrimination and bullying he experienced because of his race, sex/gender, sexuality, and/or gender identity.

26. Defendant HBOE knew or should have known, that suicide rates of African American gay boys are on the rise and that Plaintiff NIGEL SHELBY struggled within the matrix of oppression presented by being an African American gay male. Upon information and belief, administrators and faculty of Defendant HUNTSVILLE HIGH SCHOOLL were required to take training classes specifically focused on bullying and suicide; however, the training was clearly inadequate.

27. Defendant HBOE was bound by Federal law, State law, and its own policies to protect

Plaintiff NIGEL SHELBY from bullying, not engage in discrimination, and to prevent the aforementioned misconduct from resulting in the foreseeable consequence of suicide, *particularly* because of the higher suicide rates by young African American gay males.

28. Defendant HBOE's actions and omissions were inappropriate and inadequate to remedy the hostile environment created by its faculty and students, to the ultimate detriment of Plaintiff NIGEL SHELBY.

29. As a result of Defendant HBOE's actions and inactions, Plaintiff NIGEL SHELBY's suicide was horrific yet foreseeable. His death devastated his mother Plaintiff CAMIKA SHELBY, who lost her only child to death by suicide.

### An Investigation Confirms Severe and Pervasive Bullying and More Evidence of Deliberate Indifference by School Officials

30. After Plaintiff NIGEL SHELBY's suicide, Joseph Vivian, a member of the Huntsville High School's LGBTQ community spoke out about the way Huntsville High School treated LGBTQ students including Plaintiff NIGEL SHELBY. Vivian said that he:

> "didn't know Shelby personally, but the culture of the school did not help him. "The way this school treats the people of our community is not acceptable. They turn victims into perpetrators and blame them for being bullied," Vivian said. "I've gone to administration, I've gone to counselors. They blame you for the problems that you face, sometimes they even put in there that it's your choice, that you're too sensitive, that if you're going to live this lifestyle that you'll have to grow thick skin." He said he did not think the staff and administrators were equipped to handle the bullying of LGBTQ students, questioning if they're "ignorant" or "indifferent."

*See* Chris Joseph, *Openly Gay Huntsville High School Student Questions Administrative Response To LGBTQ Bullying*, WBRC (Apr. 22, 2019), https://www.wbrc.com/2019/04/23/openly-gay-huntsville-high-school-student-questions-administrative-response-lgbtq-bullying/.

31. The above-referenced article reflects the reality that Defendant HBOE willfully and deliberately ignored incidents of bullying, victims of bullying, and the risk to students at

heightened risk of suicide, including Nigel Shelby. Mr. Vivian's sentiments echoed the student letters written by Plaintiff NIGEL SHELBY's peers, particularly the statement that Defendant HBOE administrators blamed the students for the problems that they faced.

32. Subsequent to Plaintiff NIGEL SHELBY's suicide, Huntsville High School students wrote letters expressing their experiences with Plaintiff, the bullying they observed at school and at the hands of other students, faculty, and staff. Upon information and belief, the letters submitted were part of Huntsville High School's investigation into Nigel Shelby's death. The following are excerpts or evidence gathered from students' letters wherein students are identified by number to maintain anonymity.

33. In his/her May 5, 2019 letter, a student identified as Student 5 stated that he/she went to Defendant JO STAFFORD and told her that she needed to check on Plaintiff NIGEL SHELBY because he was cutting himself again and that: "he wasn't doing good overall…Defendant JO STAFFORD said: "I already know about all that now go back to class." On April 25, 2019 Student 5 wrote that he/she went to Defendant JO STAFFORD and told her that she should check on Plaintiff NIGEL SHELBY because he was talking suicidal. Rather than taking swift and immediate action, and Defendant JO STAFFORD replied: "I already know this he's fine, just go back to your class." Student 5 knew that students, including Student 3 would call Plaintiff NIGEL SHELBY a "faggot" and tell him that "nobody care[s] about him & he said I hope he kill his ugly ass."

34. Plaintiff NIGEL SHELBY was so disturbed from being bullied that when he returned to school he did so with marks on his neck. These bruises concerned Students 5, 11, and 12, whose pleas to Defendant JO STAFFORD fell upon deaf ears, that they took it upon themselves to speak to Plaintiff NIGEL SHELBY directly.

35. Defendant HBOE administrators with disciplinary authority had actual notice that

Plaintiff NIGEL SHELBY was prone to self-harm, engaging in self-harm, and suicidal ideations and should have noticed like Student 5 did that Plaintiff NIGEL SHELBY had marks on his neck that "looked like he got a rope the night before and tried to kill himself… they were red and fresh."

36. Several Huntsville High School Students knew and believed that Plaintiff NIGEL SHELBY was cutting himself and was bullied in school.  A May 3, 2019 letter from Student 1 whom wrote that Student 3 "always picked with Plaintiff NIGEL SHELBY and in Theater Plaintiff NIGEL SHELBY would always be bothered." Student 1 further stated that Plaintiff NIGEL SHELBY's neck and had marks one day in class. Student 1 looked at Student 4 and 5 – knowing that something was wrong with Plaintiff NIGEL SHELBY's story that he ran into a tree with a long stick on it.  Student 1, who knew that Plaintiff NIGEL SHELBY went to Defendant JO STAFFORD for help was told by Plaintiff NIGEL SHELBY that Defendant JO STAFFORD took Plaintiff NIGEL SHELBY "as a joke!" Student 1 also indicated that Plaintiff NIGEL SHELBY was physically bullied by a female student over the rumors of his sexuality.

37. Another Huntsville High School Student witnessed Student 7 bullying him. In fact, this Student stated that he/she witnessed people from the main building just laugh off the bullying instead of protecting him. Numerous students, including Students 3, 4, 5, and 10 witnessed the bruises and marks from Plaintiff NIGEL SHELBY cutting himself, including the marks around his neck. Student 10 *also* knew that Defendant JO STAFFORD took him "as a joke" and that she was of the opinion that Plaintiff NIGEL SHELBY was 'just having an episode,' and that he/she was not comfortable with Defendant JO STAFFORD leading the assembly because Student 10 believed that Defendant JO STAFFORD was not being truthful when she stated that she spoke to Plaintiff NIGEL SHELBY and tried to help him and that she was cold.

38. Student 15 in his/her May 3, 2019 letter wrote that he/she knew that some students

went to Defendant JO STAFFORD about Plaintiff NIGEL SHELBY being suicidal and "she did nothing." Tellingly, Students 16 and 17 wrote that they knew that Plaintiff NIGEL SHELBY was bullied, and both knew that Student 3 told Plaintiff NIGEL SHELBY to kill himself and hoped that he died.

39. Student 18 saw cuts on Plaintiff NIGEL SHELBY and knew that Student 20 went to Defendant JO STAFFORD, whose response was "*that she didn't care and that Plaintiff NIGEL SHELBY was going through one of his episodes*." This was the response from a person that *Defendant HBOE* placed in charge of ensuring the health and wellbeing of its students and to ensure proper protocol was being followed at all times.

40. Huntsville High School Student 20 reported in his/her April 25, 2019 and his/her May 3, 2019 letters that Plaintiff NIGEL SHELBY told him/her that he didn't want to be on this Earth. Student 20 took Plaintiff NIGEL SHELBY to Defendant JO STAFFORD and "she began her hourglass timer and she said let's go time's ticking." Mr. Baker came in and took Student 20 to the conference room and Student 20 told Mr. Baker that Defendant JO STAFFORD was being very aggressive towards Plaintiff NIGEL SHELBY and his situation. Student 20 said that Defendant JO STAFFORD went back in and was like "is this another one of those days when life gets tough and we want to hurt ourselves…is this one of those episodes." Even Student 20 knew that according to "school laws" that Defendant HBOE was "1) suppose (sic) to call a parent and 2) call rather Dhr (sic) or CPS and she didn't and she made the situation worse she could've prevented this." Student 20 spoke with Ms. Michelle Watkins, Defendant DAVID WHITENER, Defendant JO STAFFORD, and Mr. Baker. Student 20 stated that Defendant JO STAFFORD told Nigel Shelby, "if you wanna make an adult post you should be able to take an adult comment," referring to a homophobic post on his social media that was disturbing him.

41. Huntsville High School students tried to intervene on Plaintiff NIGEL SHELBY's behalf when he could not intervene for himself due to the bullying and discrimination allowed to take place within his school. However, when Student 20 and some other students took Plaintiff NIGEL SHELBY to Defendant JO STAFFORD to discuss bullying, cutting himself, and suicidal ideations, she played what she referred to as "Black People" music and wanted the students to "get up and dance" to make Plaintiff feel better.

42. Plaintiff NIGEL SHELBY hated this condescending approach by Defendant JO STAFFORD and felt humiliated. Student 20 also saw cuts on Plaintiff NIGEL SHELBY's arms the day that he/she took Plaintiff NIGEL SHELBY to Defendant JO STAFFORD, and that "he wanted to do a painful and suffering death so that's why he hung himself because he wanted to feel all the pain he was dealing with in his heart and mind."

43. Defendant JO STAFFORD did not report the bullying that she was aware of to any person, in violation of Defendant HBOE rules, and in violation of Huntsville High School's policies and protocol. A teacher Malcom Parker April 25, 2019 letter acknowledged that Plaintiff NIGEL SHELBY's death was caused in part by bullying but had not reported the bullying to any individual.

**School Officials Flouted Written Policies, Procedures, and Training**

44. Defendant HBOE which operates Huntsville City Schools, and Huntsville High School is governed by the Anti-Bullying policies and procedures set forth in the Student Handbook, and the relevant sections are set forth below:

> *6.11 Bullying, Harassment, Violence, Threats of Violence and Intimidation Prohibited*
>
> Bullying, Harassment, Violence, Threats of Violence and Intimidation and complaints should be filed and reviewed under the Board's Bullying, Harassment, Violence, Threats of Violence

and Intimidation Policy set out below.

6.11.3 Prohibition – **No student shall** engage in or **be subjected to bullying, harassment, violence, threats of violence, or intimidation by any other student based on any of the specific characteristics** that have been identified by the Board in this policy. Students who violate this policy will be subject to disciplinary sanctions.

6.11.4 Definitions –

a. The term "bullying" as used in this policy is an intentional act that causes harm to others on school property, on a school bus, or at a school-sponsored function including, but not limited to, written, electronic, verbal and nonverbal threats, taunts, physical acts….

b. The term "harassment" as used in this policy refers to conduct that is based on a protected classification; is physically or verbally threatening, intimidating, harmful, or humiliating; and has the purpose or effect of limiting or interfering with a student's educational performance or access to educational programs and activities, or otherwise disrupting the learning environment. Conduct which constitutes harassment based on a protected classification may take many forms including, but not limited to:

1. Verbal: the making of offensive written or oral innuendos, comments, jokes, insults, threats, or disparaging remarks concerning a person's race, color, national origin, religious beliefs, disability, or other protected classifications.

*6.11.5 Description of Behavior Expected of Students*

b. Bullying, violence, threats of violence, harassment, and intimidation are prohibited and will be subject to disciplinary consequences and sanctions. The perpetrator will be subject to more significant disciplinary consequences and intensive interventions if the perpetrator of such action is found to have based the prohibited action on one or more of the following personal characteristics of the victim of such conduct:

1. The student's race; [and]
2. The student's sex or gender;….

Bullying, harassment, violence, threats of violence and intimidation based on any of the above characteristics may also trigger certain responsibilities of the Board and its school-level employees.

*6.11.7 Reporting, Investigation, and Complaint Resolution Procedures*

All complaints alleging violations of this policy should be reported to a school or district administrator, and should, where possible, be made on Board approved complaint forms available at the principal and/or counselor's office. If a principal or the principal's designee learns of bullying, alleged harassment, violence, threats of violence or intimidation, he or she should meet with the alleged victim to help them complete the Board's form. The complaint should, where possible, be signed by the person reporting the harassment and delivered to the principal or the principal's designee either by mail or personal delivery… Repeated or multiple allegations of harassment by a student or employee will not be resolved informally, and such harassment will be reported to the principal's supervisor and the Title VI Coordinator.

Upon receipt of the report/complaint, the principal or the principal's designee will undertake an investigation of the complaint. The investigation will entail the gathering of relevant rafts and evidence will be conducted impartially in a reasonably prompt time period taking into account the circumstances of the complaint….

The principal shall report all incidents of bullying, harassment, violence, threats of violence or intimidation based on race, sex, gender… with his or her supervisor and the Title VI Coordinator, and at that time, the principal will inform the parents/ guardians of the students involved of the availability of the appeals process….

45. In furtherance of the anti-bullying policies, Defendant HBOE attempted to enact certain programs, including the No Place for Hate Program. Upon information and belief, Defendant DAVID WHITENER serves as the No Place for Hate Liaison at Huntsville High School.

46. The Purpose of No Place for Hate was to create a culture of respect and create a safe, bully-free learning environment for students at all grade levels. However, Defendant HBOE, failed to implement this program properly as evidenced by the extent of the bullying suffered by Plaintiff NIGEL SHELBY. In addition, the bullies who harassed Plaintiff NIGEL SHELBY were never punished or disciplined in any way.

47. Defendant HBOE was fully aware of the risks associated with suicidal ideations,

bullying and discrimination, mental health disorders suffered by students, suicide training, signs to be aware of and trauma suffered by Huntsville High School students, and negligently failed to follow the training to the detriment of Plaintiff NIGEL SHELBY. As such Defendant HBOE undertook the duty to properly train its staff but failed to do so and/or failed to properly supervise its staff to ensure the implementation of the trainings and/or policies. The following are some of the trainings offered at the school: The Huntsville High School Community Bridge and Culturally Responsive Training, on or about August 29, 2017; The Huntsville High School Equity in Education on or about October 9, 2017; Trauma Informed Classrooms on or about October 25, 2017; Equity Training on or about January 3, 2018: Getting to Know Your Students Deeply; Suicide Prevention Training, "Sign to Look for in Students and How to Ask for Help" on or about March 7, 2018 (HHS PD 17-18), also attended by faculty and staff, including Defendant JO STAFFORD and Defendant DAVID WHITENER; On March 14, 2018 Huntsville High School presented Bullying/Harassment/ Aarron's Law, attended by Defendnat DAVID WHITENER and Defendant JO STAFFORD; On March 6, 2019 Huntsville High School Faculty and Administration including Defendant JO STAFFORD and Defendant DAVID WHITENER underwent Suicide Training; On July 30, 2019 HHS, with the Kognito and SPEAK student ambassadors will educate teachers on ways they can respond to warning signs for a variety of mental health disorders and suicidal thoughts amongst student.

48. Defendant HBOE and Huntsville High School's code of student conduct prohibits bullying, and harassment based on identifying characteristics, such as sex/gender and sexual orientation, and calls for the most extensive punishments and interventions for the offending student. Defendant HBOE knew or should have known that nearly 43 percent of gay, lesbian and bisexual high school students have seriously considered attempting suicide, compared to about 15

percent of their heterosexual counterparts, according to a 2015 national survey of more than 15,000 students conducted by the Centers for Disease Control and Prevention.

49. Defendant HBOE and Huntsville High School administrators were trained to recognize the signs, undertook the duty to prevent suicide and bullying, were legally required to ensure the protection of its students and to intervene when a child's life was at risk, and/or when he or she was subjected to discrimination and harassment based on a protected class.

50. Defendant HBOE failed to properly report incidents of bullying, harassment, and suicidal ideation to parents, law enforcement, and medical professionals, and otherwise were not compliant with State and Federal reporting laws.

51. Despite the fact that Defendant HBOE not only had policies and procedures in place regarding bullying and discrimination, Defendant HBOE had a pattern and practice and/or custom and policy of ignoring bullying and discrimination at Huntsville High School. Defendant HBOE nonetheless encouraged and tolerated its administration ignoring the bullying and discrimination that continued to deteriorate the mental health of its students.

52. Defendant HBOE and Defendant AARON KING, Defendant LAUREN WOLTJEN, Defendant DAVID WHITENER, and Defendant JO STAFFORD's individual and collective actions and/or omissions actually and proximately caused Plaintiff NIGEL SHELBY to suffer severe psychological and emotional damages, physical and emotional abuse, and ultimately caused his death by suicide, and as such, are liable for his ongoing and permanent injuries and damages. Plaintiffs CAMIKA SHELBY and PATRICK CRUZ, and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

    (a) Award compensatory damages to Plaintiffs;

(b) Award costs of this action to Plaintiffs;

(c) Loss of past and future support and services with interests;

(d) Loss of earnings and net accumulations to the Estate of Nigel Shelby;

(e) Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

(f) Loss to Plaintiff CAMIKA SHELBY and Plaintiff Patrick Cruz of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h) Punitive damages;

(i) Any and all other and further relief as this Court may deem appropriate.

## COUNT I
## TITLE IX VIOLATIONS BASED ON GENDER/ SEX DISCRIMINATION AGAINST DEFENDANT HBOE, DEFENDANT KING, DEFENDANT WOLTJEN, DEFENDANT STAFFORD, AND DEFENDANT WHITENER

53. Plaintiff reincorporates paragraphs 1-52 as if fully set forth herein.

54. This is an action brought against Defendant HBOE, Defendant AARON KING, in his official capacity, Defendant LAUREN WOLTJEN, in her official capacity, Defendant JO STAFFORD, in her official capacity, and Defendant DAVID WHITENER, in his official capacity, for discrimination based on gender/sex and/or sexual orientation, for deliberate indifference to discrimination, intentional discrimination, for the creation of a hostile educational environment, and for retaliation, pursuant to Title IX, 28 U.S.C. §§1331 and 1343. Defendant HBOE is vicariously liable for the actions and inactions of its employees. This count is pled in the alternative

to all other counts contained herein.

55. Defendant HBOE is the recipient of federal funding and is therefore bound to govern itself by Title IX of the Education Amendments of 1972, which states: "no person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance."

56. The U.S. Department of Education's Office for Civil Rights (OCR) released written guidelines declaring that Title IX of the Education Amendments of 1972 protects "lesbian, gay, bisexual and transgender students" from sex discrimination. The OCR began showing its support for LGBTQ students publicly as early as 2010 in a "Dear Colleague Letter," a guidance document designed to clarify schools' obligations under Title IX. This Dear Colleague Letter states: "Although Title IX does not prohibit discrimination based solely on sexual orientation, Title IX does protect all students, including lesbian, gay, bisexual, and transgender (LGBT) students, from sex discrimination. When students are subjected to harassment on the basis of their LGBT status, they may also, . . . be subjected to forms of sex discrimination prohibited under Title IX. The fact that the harassment includes anti-LGBT comments or is partly based on the target's actual or perceived sexual orientation does not relieve a school of its obligation under Title IX to investigate and remedy overlapping sexual harassment or gender-based harassment."

57. At all material times hereto, Defendant HBOE, by and through its employees and administrators including Defendant AARON KING, Defendant Lauren WOLTJEN, Defendant DAVID WHITENER, and Defendant JO STAFFORD, whom both had disciplinary authority over Huntsville High School students, 1) were deliberately indifferent to discrimination against Plaintiff NIGEL SHELBY based on his sex/gender and/or sexual orientation, 2) intentionally discriminated against him based on his sex/gender and/or sexual orientation, 3) created, fostered, and condoned

a severe and pervasive hostile environment towards Plaintiff NIGEL SHELBY based on his sex/gender and/or sexual orientation that interfered with his ability to obtain an education from the time he began attending Huntsville High School until his death by suicide, and 4) retaliated against Plaintiff NIGEL SHELBY when he and his friends reported violations of his rights under Title IX to administrators including Defendant JO STAFFORD, Defendant DAVID WHITENER, and his teachers.

58. Plaintiff NIGEL SHELBY and other students made multiple reports to Defendant HBOE administrators including Defendant JO STAFFORD and Defendant DAVID WHITENER, who had disciplinary authority, that he was being discriminated against, harassed, bullied, cyberbullied, and battered, due to his sex/gender and/or sexual orientation. Moreover, on multiple occasions several different students reported to Defendant HBOE teachers and/or administrators, including Defendant JO STAFFORD and Defendant DAVID WHITENER, that due to the harassment and discrimination, Plaintiff NIGEL SHELBY was engaging in self harm including cutting himself, had marks around his neck indicting an attempted suicide, and that the students believed he was suicidal and in imminent danger of death.

59. Plaintiff NIGEL SHELBY was battered by a female student at Huntsville High School because of his sexual orientation, a student told him that he wished he would die, and a student called him a "faggot." Plaintiff NIGEL SHELBY's school days became a living nightmare and the harassment and discrimination against him was openly hostile, severe, and pervasive. Although he reported these incidents of discrimination based on his sex/gender and/or sexual orientation in violation of Title IX to Defendant HBOE teachers and administrators were deliberately indifferent to reports of the violations of his Title IX rights, engaged in intentional discrimination themselves, and/or retaliated against him for reporting.

60. On one occasion Plaintiff NIGEL SHELBY and several other students reported that he was being discriminated against and bullied due to his sex/gender and/or sexual orientation to Defendant JO STAFFORD and she told the students to play "Black People" music and "dance around" to make Plaintiff NIGEL SHELBY "feel better," in an effort to humiliate him. Defendant JO STAFFORD's action was deliberate indifference and/or intentional discrimination and was retaliatory in nature. In another incident in which Plaintiff Nigel Shelby reported that he was being discriminated against and cyberbullied based on his gender/sex and/or sexual orientation to Defendant JO STAFFORD, she told him that being gay was a choice and that he could just choose not to be gay. Defendant JO STAFFORD also stated that if he was making adult choices by openly expressing his gender/sex identity and/or sexual orientation that he would face adult consequences. Essentially Defendant JO STAFFORD said he should expect punishment as a consequence of his sexuality, once again acting with both deliberate indifference and intentional discrimination. During the investigation into Nigel Shelby's death another student stated that Plaintiff NIGEL SHELBY felt that Defendant JO STAFFORD thought that he was a "joke."

61. As aforementioned, Plaintiff NIGEL SHELBY was engaging in self-harm and experiencing suicidal ideation for an extended period of time before his death, and it was so evident that other students could see the marks on his neck and body days before his suicide. Several students informed Defendant HBOE administrators including Defendant JO STAFFORD and Defendant DAVID WHITENER that Plaintiff NIGEL SHELBY was engaging in self harm and experiencing suicidal ideations. However, Defendant HBOE and Defendants KING, WOLTJEN, WHITENER, and STAFFORD, were deliberately indifferent to seeking intervention for Plaintiff Nigel Shelby, never informed his mother, and were deliberately indifferent to him based on his gender/sex and/or sexual orientation. Defendant JO STAFFORD stated that he was just, "having

another episode." Defendant JO STAFFORD and/or other members of Defendant HBOE faculty knew that Plaintiff NIGEL SHELBY had marks evidencing self-harm on his body but intentionally discriminated against him and/or were deliberately indifferent to seeking intervention to save his life because of his sexual orientation and/or gender/sex.

62. As aforementioned, Defendant HBOE's teachers and administrators, including Defendant JO STAFFORD, *participated* in the harassment by mocking him and making derogatory gestures and statements, telling other concerned students that Plaintiff NIGEL SHELBY was just having another "episode," and otherwise acting in deliberate indifference and/or intentional discrimination.

63. Defendant HBOE also violated Title IX because the bullying at school by Defendant HBOE and Huntsville High School's students and administration was so severe, pervasive, and objectively offensive that it limited Plaintiff NIGEL SHELBY's access to educational opportunities and benefits, in violation of Title IX and ultimately caused his untimely death by suicide.

64. Furthermore, even *after* receiving actual notice of student-on-student harassment based on sexual orientation, bullying, battery, harassment, and cyberbullying of Plaintiff NIGEL SHELBY, and *despite the fact* that each and every harasser, batterer and bully was at all material times under Huntsville High School's control and disciplinary authority, these acts of bullying and discrimination continued even in the face of Defendant HBOE having actual notice of Plaintiff NIGEL SHELBY cutting himself and attempting to kill himself, demonstrating deliberate indifference to Plaintiff NIGEL SHELBY, *nothing* was reported to school staff, to the Title IX coordinator, or even Plaintiff NIGEL SHELBY's mother, in violation of school policy and Title IX. Defendant HBOE teachers knew that Plaintiff NIGEL SHELBY was being bullied because of

his sex/gender and/or sexual orientation and stated that it caused his tragic death.

65. Another student, Mr. Vivian stated the school: "blame(s) you for the problems that you face, sometimes they even put in there that it's your choice, that you're too sensitive, that if you're going to live this lifestyle [be LGBT] that you'll have to grow thick skin." Plaintiff NIGEL SHELBY was discriminated against because of his race and his sexual orientation and suffered the consequences of retaliation due to reporting these Title IX violations.

66. Defendant HBOE, Defendant JO STAFFORD, and/or Defendant WHITENER had actual knowledge of Plaintiff NIGEL SHELBY's struggles, but chose to remain deliberately indifferent to his bullying, cyberbullying, harassment, battery, and actually participated therein because of his sex/gender and sexual orientation. The actions and inactions of Defendant HBOE and Defendant JO STAFFORD actually and proximately caused Plaintiff NIGEL SHELBY's death by suicide on April 18, 2019. As a result, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional distress and anxiety. Plaintiff NIGEL SHELBY suffered permanent damages; namely, death.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant's actions and omissions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY. Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Title IX, 28 U.S.C. §§1331 and 1343 and Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

(a) Award compensatory damages to Plaintiffs;

(b)      Award emotional pain and suffering, physical pain and suffering, and all damages due from underlying personal injury and wrongful death;

(c)      Award costs of this action to Plaintiffs including attorneys' fees and costs;

(d)      Loss of past and future support and services with interest;

(e)      Loss of earnings and net accumulations to the Estate of Nigel Shelby;

(f)      Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

(g)      Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h)      Punitive damages;

(i)      Any and all other and further relief as this Court may deem appropriate.

## COUNT II
### RACE DISCRIMINATION IN VIOLATION OF TITLE VI AGAINST DEFENDANT HUNTSVILLE BOARD OF EDUCATION DEFENDANT KING, DEFENDANT WOLTJEN, DEFENDANT STAFFORD, AND DEFENDANT WHITENER

67.    Plaintiff reincorporates paragraphs 1-52 as if fully set forth herein. This Count is pled in the alternative to all other counts contained herein.

68.    This is an action brought against Defendant HBOE, Defendant AARON KING, in his official capacity, Defendant LAUREN WOLTJEN, in her official capacity, Defendant JO STAFFORD, in her official capacity, and Defendant DAVID WHITENER, in his official capacity, for unlawful intentional discrimination based on race that resulted in harassment, discrimination, bullying, and cyberbullying, in a school that received federal funding, namely Huntsville High School. Defendant HBOE is vicariously liable for the actions and inactions of its employees.

69. Title VI of the Civil Rights Act of 1964 provides in pertinent part that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000d. This count is pled in the alternative to all other claims.

70. At all material times hereto, Defendant HBOE and Defendant AARON KING, Defendant LAUREN WOLTJEN, Defendant DAVID WHITENER, and Defendant JO STAFFORD whom had disciplinary authority over Huntsville High School students, created, fostered, and condoned a severe and pervasive hostile environment towards Plaintiff NIGEL SHELBY based on his race as an African American since he began attending Huntsville High School, and had actual knowledge of this hostile environment created, participated in the creation of this hostile environment, and were deliberately indifferent to the same.

71. Defendant HBOE as a recipient of federal funding, acted in a racial discriminatory manner toward African American students within its school system and disproportionately subjected them to verbal assaults, bullying, cyberbullying, harassment, and discrimination based on race including at the hands of administrators. Namely, Defendant JO STAFFORD instructed Plaintiff Nigel Shelby and other students to dance to "Black music" creating what felt like a minstrel show in her office.

72. Defendant HBOE, Defendant JO STAFFORD, and Defendant DAVID WHITENER, had actual knowledge of and perpetuated intentional racial discrimination against African American students including Plaintiff NIGEL SHELBY that resulted in harassment, discrimination, bullying, and cyberbullying, and the abuse of students was severe, pervasive, and objectively offensive; thereby, denying students of their right to education. African American

students, including NIGEL SHELBY, were being physically assaulted and battered, suffering from racial discrimination that caused him to suffer from suicidal ideations and engage in self-harm.

73.     As a direct and proximate cause of Defendant HBOE, Defendant AARON KING, Defendant LAUREN WOLTJEN, Defendant DAVID WHITENER, Defendant JO STAFFORD's actions, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional distress and anxiety which caused him to commit suicide on April 18, 2019.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendants individual and collective actions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY.  Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Title VI, 28 U.S.C. §1983 and 1988 and Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

(a)     Award compensatory damages to Plaintiffs;

(b)     Award emotional pain and suffering, physical pain and suffering, and all damages due from underlying personal injury and wrongful death;

(c)     Award costs of this action to Plaintiffs including attorneys' fees and costs;

(d)     Loss of past and future support and services with interest;

(e)     Loss of earnings and net accumulations to the Estate of Nigel Shelby;

(f)     Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

(g)     Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering

from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h)     Punitive damages;

(ii)    Any and all other and further relief as this Court may deem appropriate.

## COUNT III
## EQUAL PROTECTION CLAUSE VIOLATIONS BASED UPON RACE AND SEX DISCRIMINATION PURSUANT TO FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND TITLE 42 U.S.C. §1983 and §1988 AGAINST DEFENDANT HUNTSVILLE BOARD OF EDUCATION, DEFENDANT KING, DEFENDANT WOLTJEN, DEFENDANT STAFFORD, AND DEFENDANT WHITENER

74.     Plaintiff reincorporates paragraphs 1-52 as if fully set forth herein. This Count is pled in the alternative to all other counts contained herein.

75.     This is an action brought against Defendant HBOE, Defendant AARON KING, in his official capacity, Defendant LAUREN WOLTJEN, in her official capacity, Defendant JO STAFFORD, in her official capacity, and Defendant DAVID WHITENER, in his official capacity, for unlawful discrimination based on race and/or gender/sex and/or sexual orientation, pursuant to 42 U.S.C. Sections §1983 & §1988, in violation of the Fourteenth Amendment to the United States Constitution, or the "Equal Protection Clause." Defendant HBOE is vicariously liable for the actions and inactions of its employees.

76.     Defendant HBOE as a recipient of federal funding, acted in a discriminatory manner toward African American students and gay students within its school system and disproportionately subjected them to verbal assaults, bullying, cyberbullying harassment, and discrimination based on race and sex/gender/sexual orientation. The discrimination occurred at the hands of Defendant HBOE students, teachers, and administrators, including Defendant KING, Defendant WOLTJEN, Defendant STAFFORD, Defendant WHITENER and/or there is an

existing pattern and practice and/or custom and policy of tolerating discrimination against African American students and/or gay students amounting to a deliberate indifference to violations of the students' constitutional rights.

77. At all material times hereto, Defendant HBOE, by and through its employees and administrators who had disciplinary authority over Huntsville High School students, were 1) deliberately indifferent to discrimination against Plaintiff Nigel Shelby based on his race, sex/gender and/or sexual orientation, 2) intentionally discriminated against him based on his race, sex/gender and/or sexual orientation, 3) created, fostered, and condoned a severe and pervasive hostile environment towards Plaintiff NIGEL SHELBY based on his race, sex/gender and/or sexual orientation that interfered with his ability to obtain an education from the time he began attending Huntsville High School until his death by suicide, and 4) retaliated against Plaintiff Nigel Shelby when he and his friends reported violations of his rights under the Equal Protection Clause to administrators including Defendant Jo Stafford and his teachers.

78. Plaintiff NIGEL SHELBY and other students made multiple reports to Defendant HBOE administrators who had with disciplinary authority, that he was being discriminated against, harassed, bullied, cyberbullied, and battered, due to his race, sex/gender and/or sexual orientation. Moreover, on multiple occasions several different students reported to Defendant HBOE teachers and/or administrators, including Defendant JO STAFFORD and Defendant DAVID WHITENER, that due to the harassment and discrimination, Plaintiff NIGEL SHELBY was engaging in self harm including cutting himself, had marks around his neck indicting an attempted suicide, and that the students believed he was suicidal and in imminent danger of death.

79. Plaintiff NIGEL SHELBY was battered by a female student at Huntsville High School because of his sexual orientation, a student told him that he wished he would die, and a student

called him a "faggot." Plaintiff NIGEL SHELBY's school days became a living nightmare and the harassment and discrimination against him was openly hostile, severe, and pervasive. Although he reported these incidents of discrimination based on his race, sex/gender and/or sexual orientation in violation of the Equal Protection Clause to Defendant HBOE teachers and administrators, including but not limited to, Defendant JO STAFFORD and Defendant DAVID WHITENER, Defendants were deliberately indifferent to reports of the violations of his rights guaranteed under the Equal Protection Clause, and engaged in intentional discrimination themselves, and/or retaliated against him for reporting.

80. On one occasion Plaintiff NIGEL SHELBY and several other students reported that he was being discriminated against and bullied due to his sex/gender and/or sexual orientation to Defendant JO STAFFORD and she told the students to play "Black People" music and "dance around" to make Plaintiff NIGEL SHELBY "feel better," in an effort to humiliate him. Defendant JO STAFFORD's action was deliberate indifference and/or intentional discrimination; and was retaliatory in nature. In another incident in which Plaintiff Nigel Shelby reported that he was being discriminated against and cyberbullied based on his gender/sex and/or sexual orientation to Defendant JO STAFFORD, she told him that being gay was a choice that he could just choose not to be gay. Defendant JO STAFFORD also stated that if he was making adult choices by openly expressing his gender/sex identity and/or sexual orientation that he would face adult consequences. Essentially Defendant JO STAFFORD said he should expect punishment as a consequence of his sexuality, once again acting with both deliberate indifference and intentional discrimination. During the investigation into Nigel Shelby's death another student stated that Plaintiff NIGEL SHELBY felt that Defendant JO STAFFORD thought that he was a "joke."

81. As aforementioned, Plaintiff NIGEL SHELBY was engaging in self-harm and

experiencing suicidal ideation for an extended period of time before his death, and it was so evident that other students could see the marks on his neck and body days before his suicide. Several students informed Defendant HBOE administrators including Defendant JO STAFFORD that Plaintiff NIGEL SHELBY was engaging in self harm and experiencing suicidal ideations. However, Defendant HBOE teachers and Defendant HBOE were deliberately indifferent to seeking intervention for Plaintiff NIGEL SHELBY, never informed his mother, were deliberately indifferent to him based on his race, gender/sex and/or sexual orientation, and Defendant JO STAFFORD stated that he was just, "having another episode." Defendant JO STAFFORD and/or Defendant DAVID WHITENER and/or other members of Defendant HBOE faculty knew that Plaintiff NIGEL SHELBY had marks evidencing self-harm on his body but intentionally discriminated against him and/or were deliberately indifferent to seeking intervention to save his life because of his race, sexual orientation and/or gender/sex.

82. As aforementioned, Defendant HBOE's teachers and administrators, including Defendant JO STAFFORD, *participated* in the harassment by mocking him, making derogatory gestures and statements, telling other concerned students that Plaintiff NIGEL SHELBY was just having another "episode," making Nigel and his friends dance to "Black People" music, putting him on a timer when he was attempting to report discrimination, and otherwise acting in deliberate indifference and/or intentional discrimination.

83. Defendant HBOE also violated Equal Protection Clause because the bullying at school by Defendant HBOE and Huntsville High School's students and administration was so severe, pervasive, and objectively offensive that he was denied due process and equal protection of the law in access to educational opportunities and benefits, and ultimately it caused his untimely death by suicide.

84. Furthermore, even *after* receiving actual notice of student-on-student harassment based on sexual orientation, bullying, battery, harassment, and cyberbullying of Plaintiff NIGEL SHELBY, and *despite the fact* that each and every harasser, batterer and bully was at all material times under Huntsville High School's control and disciplinary authority, these acts of bullying and discrimination continued even in the face of Defendant HBOE having actual notice of Plaintiff NIGEL SHELBY cutting himself and attempting to kill himself, demonstrating deliberate indifference to Plaintiff NIGEL SHELBY, *nothing* was reported to school staff, or even Plaintiff NIGEL SHELBY's mother, in violation of school policy. Defendant HBOE teachers knew that Plaintiff NIGEL SHELBY was being bullied because of his race, sex/gender and/or sexual orientation and stated that it caused his tragic death.

85. Other students at Huntsville High School known to have retaliated against other members of the Huntsville High School student body, and as a similarly situated student, Mr. Vivian stated the school: "blame(s) you for the problems that you face, sometimes they even put in there that it's your choice, that you're too sensitive, that if you're going to live this lifestyle that you'll have to grow thick skin." Plaintiff NIGEL SHELBY was discriminated against because of his race and his sexual orientation and suffered the consequences of retaliation due to reporting these violations of his rights under the Equal Protection Clause.

86. Defendant HBOE, Defendant JO STAFFORD and Defendant DAVID WHITENER, had actual knowledge of Plaintiff NIGEL SHELBY's struggles, but chose to remain deliberately indifferent to his bullying, cyberbullying, harassment, battery, and actually participated therein because of his sex/gender and sexual orientation. The actions and inactions of Defendant HBOE, Defendant AARON KING, Defendant LAUREN WOLTJEN, Defendant DAVID WHITENER, and Defendant JO STAFFORD, actually and proximately caused Plaintiff NIGEL SHELBY's

death by suicide on April 18, 2019.  As a result, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional distress and anxiety.  Plaintiff NIGEL SHELBY suffered permanent damages; namely, death.

87.     Defendant HBOE, Defendant AARON KING, Defendant LAUREN WOLTJEN, Defendant DAVID WHITENER, and Defendant JO STAFFORD fostered an environment where constitutional violations could take place and directly engaged in the violation of rights afforded African American gay student, Plaintiff NIGEL SHELBY, under the Equal Protection Clause pursuant to the Fourteenth Amendment.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs against Defendant HUNTSVILLE BOARD OF EDUCATION, Defendant AARON KING, Defendant LAUREN WOLTJEN, Defendant DAVID WHITENER, and Defendant JO STAFFORD, as their individual and collective actions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY.  Plaintiffs and the Estate of NIGEL SHELBY, are entitled to damages pursuant to the Equal Protection Clause and 42 U.S.C. Sections §1983 & §1988 and Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

a) Award compensatory damages to Plaintiffs;

b) Award emotional pain and suffering, physical pain and suffering, and all damages due from underlying personal injury and wrongful death;

c) Award costs of this action to Plaintiffs including attorneys' fees and costs;

d) Loss of past and future support and services with interest;

e) Loss of earnings and net accumulations to the Estate of Nigel Shelby;

f) Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

g) Loss to Plaintiff CAMIKA SHELBY and Plaintiff Patrick Cruz of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h) Punitive damages;

Any and all other and further relief as this Court may deem appropriate.

**COUNT IV**
**RECKLESSNESS WILFULLNESS AND WANTONNESS AGAINST DEFENDANT HUNTSVILLE BOARD OF EDUCATION, DEFENDANT HUNTSVILLE BOARD OF EDUCATION, DEFENDANT KING, DEFENDANT WOLTJEN, DEFENDANT STAFFORD, AND DEFENDANT WHITENER**

88. Plaintiffs reincorporates paragraphs 1-52 as if fully set forth herein. This Count is pled in the alternative to all other counts contained herein.

89. At all times material hereto Defendant HBOE was *in loco parentis* and was held to a standard of reasonable protection for Plaintiff NIGEL SHELBY who was their student. This is an action brought against Defendant HBOE, Defendant AARON KING, in his individual capacity, Defendant LAUREN WOLTJEN, in her individual capacity, Defendant JO STAFFORD, in her individual capacity, and Defendant DAVID WHITENER, in his individual capacity, as each school administrator, Principal, Assistant Principal, Guidance Counselor, teacher, owed numerous duties to decedent Nigel Shelby. Defendant HBOE is vicariously liable for the actions and inactions of its employees.

90. At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER owed a duty to Plaintiff NIGEL SHELBY and his parents to use reasonable care to ensure his safety, care, health and well-being by hiring, retaining, assigning, and supervising its faculty who were employed and/or acted as agents in supervisory roles. Furthermore, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER undertook a duty to use reasonable care in prevention of self-harm and/or suicide and/or discrimination based on race, gender/sex, and/or sexual orientation through its trainings and/or by and through its policies and procedures.

91. At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER knew, or in the exercise of reasonable care should have known, that bullying, cyberbullying, assault, battery, harassment, and sex/gender and sexual orientation discrimination, self-harm, and discrimination based on race was taking place at Huntsville High School and amongst the students within its care, custody, and control, and acted with reckless, willful, and wanton disregard in protecting its students, as Plaintiff NIGEL SHELBY was the victim of constant bullying, cyberbullying, assault, battery, harassment, and discrimination based on his sex/gender, sexual orientation, and race, and retaliation for reporting violations of his rights.

92. Plaintiff NIGEL SHELBY and students at Huntsville High School placed Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER on actual notice of this student misconduct, which notice included but was not limited to complaints of student misconduct made directly to Defendant HBOE's employees and/or agents, including Defendant JO STAFFORD and Defendant DAVID

WHITENER.

93. At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER owed Plaintiff NIGEL SHELBY a duty to investigate and prevent each and every instance of bullying, cyberbullying, assault, battery, harassment, and sex/gender/ sexual orientation discrimination, discrimination based on race, and self-harm and suicidal ideations expressed by Plaintiff NIGEL SHELBY but failed to do so. Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, failed to provide a safe environment for Plaintiff NIGEL SHELBY, to intervene and protect him from known dangers. Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER's actions and omissions exhibited extreme indifference, willful, wanton, and reckless disregard to the safety of Plaintiff NIGEL SHELBY.

94. At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, failed to exercise reasonable care and acted with reckless, willful, and wanton disregard, the failure of which was likely to cause foreseeable grave injury or harm to Plaintiff NIGEL SHELBY in all or more of the following ways:

>  a. failing to provide a safe environment for Plaintiff NIGEL SHELBY where he would be free from assault, battery, bullying, cyberbullying, harassment, and discrimination based on his sex/gender, sexual orientation, and race;
>
>  b. failing to adhere to its own policies, procedures and state and federal laws that prohibit assault, battery, bullying, cyberbullying, harassment, and discrimination based on his sex/gender, sexual orientation, and race and to ensure the protection and safety of this student's safety, physical well-being, and mental health;

c. failing to investigate facts regarding peer-on-peer bullying by its students after being placed on actual notice on numerous occasions that the potential for harm to Plaintiff NIGEL SHELBY existed;

d. failing to suspend students and members of administrative staff whom committed acts of bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race per its own policies and procedures even after being fully aware of the potential for harm to Plaintiff NIGEL SHELBY;

e. failing to enforce policies and procedures to protect its students from peer-on-peer and administration/ teacher on student assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race;

f. failing to provide reasonable surveillance, investigation, reporting, and removal of students, teacher, and administration to detect and prevent peer-on-peer and teacher/ administration misconduct such as assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race;

g. failing to complete reports regarding the bullying of Plaintiff NIGEL SHELBY; and their failing to investigate or discipline Plaintiff NIGEL SHELBY's bullies;

h. participating in derogatory and harassing messages towards Plaintiff NIGEL SHELBY about his sexual orientation and/or race;

i. failing to offer Plaintiff NIGEL SHELBY counseling and/or take interventionist measures after seeing he was engaging in self-harm and suicidal ideations;

j. allowing Defendant JO STAFFORD and DAVID WHITENER's participation in and otherwise failing to personally intervene and end the self-harm, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race despite direct knowledge of the misconduct, and/or retaliating against Nigel Shelby for reporting abuses;

k. failing to maintain, adopt, and/or implement policies and procedures regarding self-harm, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race necessary to prevent the constitutional violations suffered by Plaintiff NIGEL SHELBY;

l. failing to maintain files on bullies/harassers, and the failure to institute a tracking system for self-harm, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race; and,

m. other actions, omissions, and/or failures to be revealed during the discovery process.

95. As a direct and proximate result of Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER's willful, wanton, reckless actions and omissions, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, severe emotional distress, humiliation, embarrassment, and mental and emotional distress and anxiety which caused him to commit suicide on April 18, 2019.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, as their individual and collective actions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY. Plaintiffs and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

a) Award compensatory damages to Plaintiffs;

b) Award emotional pain and suffering, physical pain and suffering, and all damages due from underlying personal injury and wrongful death;

c) Award costs of this action to Plaintiffs including attorneys' fees and costs;

d) Loss of past and future support and services with interest;

e) Loss of earnings and net accumulations to the Estate of Nigel Shelby;

f) Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff

NIGEL SHELBY;

g) Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h) Punitive damages;

Any and all other and further relief as this Court may deem appropriate.

## COUNT V
## NEGLIGENCE AGAINST
## DEFENDANT HUNTSVILLE BOARD OF EDUCATION, DEFENDANT HUNTSVILLE BOARD OF EDUCATION, DEFENDANT KING, DEFENDANT WOLTJEN, DEFENDANT STAFFORD, AND DEFENDANT WHITENER

96.     Plaintiffs hereby incorporate paragraphs 1-52, as though fully set forth herein.  This count is pled in the alternative to all other counts contained herein.

97.     At all times material hereto Defendant HBOE, Defendant KING, in his individual capacity, Defendant WOLTJEN, in her individual capacity, Defendant JO STAFFORD, in her individual capacity, and Defendant WHITENER, in his individual capacity, were *in loco parentis* and was held to a standard of reasonable protection for Plaintiff NIGEL SHELBY who was their student.

98.     At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER owed a duty to Plaintiffs to use reasonable care to ensure Plaintiff NIGEL SHELBY's safety, care, health and well-being, and to use reasonable care in hiring, training, supervision and retention of its employees.  This is an action brought against Defendant HBOE, Defendant AARON KING, in his individual capacity,

Defendant LAUREN WOLTJEN, in her individual capacity, Defendant JO STAFFORD, in her individual capacity, and Defendant DAVID WHITENER, in his individual capacity. Defendant HBOE is vicariously liable for the actions and inactions of its employees.

99.     At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, knew or in the exercise of reasonable care should have known, that Plaintiff NIGEL SHELBY was being subjected to bullying, cyberbullying, assault, battery, harassment, and sex/gender and sexual orientation discrimination, race discrimination, and as a result engaged in self-harm and had suicidal ideations.

100.    Plaintiff NIGEL SHELBY and Huntsville High School students placed Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER on actual notice of this student misconduct, which notice included but was not limited to complaints of student misconduct made directly to Defendant HBOE employees and/or agents, including Defendant JO STAFFORD and Defendant DAVID WHITENER.

101.    At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER owed Plaintiff NIGEL SHELBY a duty to investigate and prevent each and every instance of bullying, cyberbullying, assault, battery, harassment, and sex/gender and sexual orientation discrimination, self-harm, and discrimination based on race that Plaintiff NIGEL SHELBY suffered and provide a safe environment for Plaintiff NIGEL SHELBY and protect him from the same.

102.    At all times material hereto, Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER breached these duties in the conscious disregard for its need to use reasonable care, the failure of which was likely to cause foreseeable grave injury or harm to Plaintiff NIGEL SHELBY in all or more of the following

ways:

a. failing to provide a safe environment for Plaintiff NIGEL SHELBY where he would be free from assault, battery, bullying, cyberbullying, harassment, and discrimination based on his sex/gender, sexual orientation, and race;

b. failing to adhere to its own policies, procedures and state and federal laws that prohibit assault, battery, bullying, cyberbullying, harassment, and discrimination based on his sex/gender, sexual orientation, and race and to ensure the protection and safety of this student's safety, physical well-being, and mental health;

c. failing to investigate facts regarding peer-on-peer bullying by its students after being placed on actual notice on numerous occasions that the potential for harm to Plaintiff NIGEL SHELBY existed;

d. failing to suspend students and members of administrative staff whom committed acts of bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race per its own policies and procedures even after being fully aware of the potential for harm to Plaintiff NIGEL SHELBY;

e. failing to enforce policies and procedures to protect its students from peer-on-peer and administration/ teacher on student assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race;

f. failing to provide reasonable surveillance, investigation, reporting, and removal of students, teacher, and administration to detect and prevent peer-on-peer and teacher/ administration misconduct such as assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race;

g. acting with deliberate indifference once being placed on actual notice that self-harm, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race was occurring;

h. failing to complete reports regarding the bullying of Plaintiff NIGEL SHELBY; and their failing to investigate or discipline Plaintiff NIGEL SHELBY's bullies;

i. participating in derogatory and harassing messages towards Plaintiff NIGEL SHELBY about his sexual orientation;

j.   failing to offer Plaintiff NIGEL SHELBY counseling and/or take interventionist measures after seeing he was engaging in self-harm and suicidal ideations;

k.   failing to properly train, oversee, supervise, and discipline their officials and teachers in proper methods of responding to self-harm, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race, and/or negligently performing these responsibilities;

l.   allowing Defendant JO STAFFORD to discriminate against Nigel Shelby based on his race, gender/sex/and/or sexual orientation, failing to report Nigel Shelby's reports of discrimination based on race and sex/gender/discrimination as required by law and the school. Defendant JO STAFFORD also failed to obtain intervention and/or help for Plaintiff Nigel Shelby despite knowing that he was suicidal and engaging in self-harm. Defendant HBOE failed to properly train and/or supervise Defendant JO STAFFORD, and failed to discipline or fire her even after having knowledge of the above after Plaintiff Nigel Shelby's death.

m.  failing to follow their own anti-bullying policies, as described in relevant part herein;

n.   failing to maintain, adopt, and/or implement policies and procedures regarding self-harm, suicidal ideations, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race necessary to prevent the constitutional violations suffered by Plaintiff NIGEL SHELBY;

o.   failing to maintain files on bullies/harassers, and the failure to institute a tracking system for self-harm, assault, battery, bullying, cyberbullying, harassment, and discrimination based on sex/gender, sexual orientation, and race; and,

p.   other actions, omissions, and/or failures to be revealed during the discovery process.

103.    As a direct and proximate result of Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER's above-styled actions and omissions, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and

emotional distress and anxiety which caused him to commit suicide on April 18, 2019.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER's collective actions and inactions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY. Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

a) Award compensatory damages to Plaintiffs;

b) Award emotional pain and suffering, physical pain and suffering, and all damages due from underlying personal injury and wrongful death;

c) Award costs of this action to Plaintiffs including attorneys' fees and costs;

d) Loss of past and future support and services with interest;

e) Loss of earnings and net accumulations to the Estate of Nigel Shelby;

f) Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

g) Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h) Punitive damages;

Any and all other and further relief as this Court may deem appropriate.

**COUNT VI**
**PREMISES LIABILITY AGAINST**
**DEFENDANT HBOE**

104.     Plaintiff hereby incorporates paragraphs 1-52, as though fully set forth herein.  This count is pled in the alternative to all other counts contained herein.

105.     As property owner and/or possessor, Defendant HBOE had a duty to maintain its premise in a reasonably safe condition for the benefit of decedent Nigel Shelby, an invitee on said property. Defendant HBOE allowed and/or created conditions on its premise in which Plaintiff NIGEL SHELBY was consistently battered, assaulted, bullied, harassed, and discriminated against by both staff and students without intervention, in breach of the assumed duty to keep Plaintiff NIGEL SHELBY safe, and the breach of these duties actually and proximately caused Plaintiff NIGEL SHELBY to kill himself.   Defendant HBOE is vicariously liable for the actions and inactions of its employees. Defendant HBOE knew or should have known that Plaintiff NIGEL SHELBY was at ongoing risk of being battered, assaulted, bullied, harassed, and discriminated against, committing acts of self-harm and/or suicide.  Defendant HBOE failed to warn Plaintiff's mother of the dangers presented by conditions on the premise.

106.     The ongoing multiple instances of misconduct, battery, bullying, discrimination and harassment were prohibited by law but were reported on multiple occasions to Defendant HBOE by Nigel Shelby, deceased, and other students. Defendant HBOE failed to create a reasonably safe environment, remedy the situation, and failed to issue any warnings to decedent Nigel Shelby and/or his mother warning and advising them of the known dangers on the premise.

107.     As a direct and proximate result of Defendant HBOE's actions and omissions, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional

distress and anxiety which caused him to commit suicide on April 18, 2019.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant HBOE's actions and omissions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY. Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

    (a)    Award compensatory damages to Plaintiffs;

    (b)    Award costs of this action to Plaintiffs;

    (c)    Loss of past and future support and services with interest;

    (d)    Loss of earnings and net accumulations to the Estate of Nigel Shelby;

    (f)    Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

    (g)    Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

    (h)    Punitive damages;

    (i)    Any and all other and further relief as this Court may deem appropriate.

## COUNT VII
## BREACH OF CONTRACT AGAINST
## DEFENDANT HBOE

108. Plaintiff hereby incorporates paragraphs 1-52, as though fully set forth herein. This count is pled in the alternative to all other counts contained herein.

109. Defendant HBOE made several representations regarding their anti-bullying

policies, policies aimed at preventing self-harm and suicide and/or policies to prevent discrimination based on race, sex/gender, and/or sexual orientation, via the Huntsville High School and the Huntsville City School Manual, Policies and via its website, which material representations and protections afforded to Plaintiff NIGEL SHELBY became the basis for materially inducing Plaintiff NIGEL SHELBY and his mother to attend Huntsville High School. Defendant HBOE is vicariously liable for the actions and inactions of its employees.

110.    Defendant HBOE's School Policy indeed formed a contract between Plaintiff NIGEL SHELBY and Defendant HBOE which extended beyond mere academics.

111.    Defendant HBOE affirmatively undertook numerous obligations and duties to keep Plaintiff NIGEL SHELBY and other similarly situated LGBTQ students safe, as also evidenced by the numerous training programs offered by Defendant HBOE.

112.    Rather than ensure that its promises were being kept, Defendant HBOE's administration actively participated in its breaches, and these breaches of Defendant HBOE's own policies and procedures, which specifically prohibits the exact same bullying, harassment, and discrimination that was suffered by Plaintiff NIGEL SHELBY, were the actual and proximate causes of damages and injuries suffered by Plaintiff NIGEL SHELBY.

113.    Defendant HBOE promised to prevent bullying, harassment, and discrimination, and went so far as to set forth in its own policies that the aforementioned misconduct will not be tolerated, whether exhibited by a student or an employee of Defendant HBOE and Huntsville High School.

114.    Instead of protecting Plaintiff NIGEL SHELBY, Defendant HBOE allowed Plaintiff NIGEL SHELBY to be bullied and harassed, allowed him to engage in self-harm and failed to report the same, and actively participated in the exact harm that it promised to protect

Plaintiff NIGEL SHELBY from.

115. Defendant HBOE breached its contract with Plaintiff NIGEL SHELBY and Plaintiff CAMIKA SHELBY, and rather than being the safe haven that it purported to be, Plaintiff NIGEL SHELBY had to endure bullying, cyberbullying, harassment, assault and battery, discrimination based on his sex/gender, sexual orientation, and race, and the deliberate indifference to it all by Defendant HBOE's administration and staff, including but not limited Defendant JO STAFFORD and Defendant DAVID WHITENER because Plaintiff NIGEL SHELBY was a young African American male and a member of the LGBTQ community.

116. Defendant HBOE's breach of its contract with Plaintiff NIGEL SHELBY and his mother, Plaintiff CAMIKA SHELBY caused Plaintiff NIGEL SHELBY to suffer dearly. In direct contradiction to Defendant JO STAFFORD's rebuffs, Plaintiff NIGEL SHELBY's suffering, suicidal ideations, and self-mutilation was real. They were not manifestations or a mere "episode" that would go away if his friends danced to "Black People" music and it was a "choice."

117. Plaintiff NIGEL SHELBY ultimately committed suicide a result of Defendant HBOE's actions and inactions and breach of its contract with Plaintiff NIGEL SHELBY, and as a result he suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional distress and anxiety which caused him to commit suicide on April 18, 2019.

118. Plaintiff NIGEL SHELBY and his parents have suffered and continues to suffer ongoing and permanent damages.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant HBOE's actions and omissions actually and proximately caused the death of decedent,

Plaintiff NIGEL SHELBY. Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages for breach of contract and pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

(a)     Award compensatory damages to Plaintiffs;

(b)     Award costs of this action to Plaintiffs;

(c)     Loss of past and future support and services with interest;

(d)     Loss of earnings and net accumulations to the Estate of Nigel Shelby;

(f)     Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

(g)     Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h)     Punitive damages;

(i)     Any and all other and further relief as this Court may deem appropriate.

**COUNT VIII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST**
**DEFENDANT HUNTSVILLE BOARD OF EDUCATION, DEFENDANT KING,**
**DEFENDANT WOLTJEN, DEFENDANT STAFFORD, AND DEFENDANT WHITENER**

119.     Plaintiffs hereby incorporate paragraphs 1-52, as though fully set forth herein. This count is pled in the alternative to all other counts contained herein.

120.     This action is brought pursuant to the laws of the State of Alabama based upon the negligent infliction of emotional distress by Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER. This is also an action brought against Defendant HBOE, Defendant AARON KING, in his individual capacity, Defendant LAUREN WOLTJEN, in her individual capacity, Defendant JO STAFFORD, in her

individual capacity, and Defendant DAVID WHITENER, in his individual capacity. Defendant HBOE is vicariously liable for the actions and inactions of its employees.

121. At all times material hereto Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER had a duty to act in a reasonable and prudent manner for the benefit of Plaintiff CAMIKA SHELBY and Plaintiff NIGEL SHELBY.

122. Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, breached their duties to Plaintiff NIGEL SHELBY and Plaintiff CAMIKA SHELBY by behaving in an unreasonable manner, including failing to stop students, employees, and administrators within their control from bullying, cyberbullying, harassing, assaulting, battering, and making unwelcome, offensive, humiliating, threatening, and degrading comments regarding Plaintiff NIGEL SHELBY's sexual orientation, and discriminating against Plaintiff NIGEL SHELBY based on his sex/gender, his sexual orientation, and his race, which conduct was extreme and outrageous in nature and not tolerable in a civilized society.

123. The actions and omissions of Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, were the actual and proximate cause of Plaintiff NIGEL SHELBY's injuries and damages.

124. As a direct and proximate result of Defendant HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER's actions and omissions, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional distress and anxiety which caused him to commit suicide on April 18, 2019.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-

FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant HBOE's actions and omissions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY. Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

(a)     Award compensatory damages to Plaintiffs;

(b)     Award costs of this action to Plaintiffs;

(c)     Loss of past and future support and services with interest;

(d)     Loss of earnings and net accumulations to the Estate of Nigel Shelby;

(f)     Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

(g)     Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h)     Punitive damages;

(ii)    Any and all other and further relief as this Court may deem appropriate.

### COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT HUNTSVILLE BOARD OF EDUCATION AND DEFENDANT JO STAFFORD

125.    Plaintiffs hereby incorporate paragraphs 1-52, as though fully set forth herein. This count is pled in the alternative to all other counts contained herein.

126.    Defendant HBOE and Defendant JO STAFFORD's conduct was intentional and reckless, extreme and outrageous, and caused emotional distress to Plaintiff NIGEL SHELBY that was severe that he committed suicide. Defendant HBOE is vicariously liable for the actions and

inactions of its employees.

127.    Defendant HBOE and Defendant JO STAFFORD deliberately, recklessly, and intentionally mismanaged Plaintiff NIGEL SHELBY's health, mental health, safety, and wellbeing, to his ultimate detriment.

128.    This intentional infliction of emotional distress was echoed by its students, who confirmed that the administrators were ignorant and/or indifferent to the bullying of LGBTQ students.

129.    Defendant HBOE and Defendant JO STAFFORD's individual and collective failures to recognize the scars from Plaintiff NIGEL SHELBY's self-mutilation that *multiple people* pointed out, for ignoring the fact that they were told on multiple occasions that Plaintiff NIGEL SHELBY was thinking of killing himself and was cutting himself, that Plaintiff NIGEL SHELBY was not faring well mentally – referring to the aforementioned as "episodes," and telling students to dance to "Black People" music so that Plaintiff NIGEL SHELBY felt better, were extreme and outrageous in nature and not tolerable in a civilized society and that were intentional and reckless *as well as* extreme and outrageous conduct, to the ultimate detriment of Plaintiff NIGEL SHELBY.

130.    Defendant HBOE and Defendant JO STAFFORD's individual and collective conduct and misconduct actually and proximately caused Plaintiff NIGEL SHELBY severe emotional distress, which includes but is not limited to their individual and collective failures to supervise its staff, properly responding to the known reports of bullying, cyberbullying, harassing, assaulting, battering, and making unwelcome, offensive, humiliating, threatening, and degrading comments regarding Plaintiff NIGEL SHELBY's sexual orientation, and discriminating against Plaintiff NIGEL SHELBY based on his sex/gender, his sexual orientation, and his race.

131. As a direct and proximate result of Defendant HBOE and Defendant JO STAFFORD's misconduct, Plaintiff NIGEL SHELBY suffered injuries and damages in the form of physical injury, suicidal ideations, self-harm, self-mutilation, humiliation, embarrassment, and mental and emotional distress and anxiety which caused him to commit suicide on April 18, 2019.

WHEREFORE, Plaintiffs demand damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs. Defendant HBOE's actions and omissions actually and proximately caused the death of decedent, Plaintiff NIGEL SHELBY. Plaintiff and the Estate of NIGEL SHELBY, are entitled to damages pursuant to Alabama's wrongful death code for the value of decedent's life, including but not limited to the following:

(a)     Award compensatory damages to Plaintiffs;

(b)     Award costs of this action to Plaintiffs;

(c)     Loss of past and future support and services with interest;

(d)     Loss of earnings and net accumulations to the Estate of Nigel Shelby;

(f)     Any and all medical and/or funeral expenses incurred due to the wrongful death of Plaintiff NIGEL SHELBY;

(g)     Loss to Plaintiff CAMIKA SHELBY and Plaintiff PATRICK CRUZ of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of Nigel Shelby's death;

(h)     Punitive damages;

(iii)    Any and all other and further relief as this Court may deem appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CAMIKA SHELBY, as natural parent and heir, and Personal

Representative of the Estate of NIGEL SHELBY, and Plaintiff PATRICK CRUZ as natural parent and heir of Nigel Shelby, respectfully requests that this Court award the following damages against Defendants HBOE, Defendant KING, Defendant WOLTJEN, Defendant JO STAFFORD, and Defendant WHITENER, pursuant to the laws of the State of Alabama and Federal law, for the value of decedent's life, including but not limited to the following:

    a.  Loss of past and future support and services with interest;

    b.  Loss of future earnings and net accumulations to the Estate of NIGEL SHELBY;

    c.  Any and all medical and/or funeral and burial expenses incurred due to the wrongful death of NIGEL SHELBY;

    d.  Any and all compensatory damages allowed by law;

    e.  Any and all pain and suffering, and/or emotional pain and suffering allowed by law;

    f.  Loss to CAMIKA SHLEBY and PATRICK CRUZ of the decedent's companionship, and their mental pain and suffering from the past date of injury through the future, as a result of NIGEL SHELBY's death;

    g.  Punitive Damages;

    h.  Attorneys Costs and Fees;

    i.  Any and all other and further relief as this Court may deem appropriate.

## **JURY DEMAND**

WHEREFORE, Plaintiff NIGEL SHELBY, (deceased), and Plaintiff CAMIKA SHELBY as natural parent, heir and Personal Representative of the Estate of NIGEL SHELBY, and Plaintiff PATRICK CRUZ, as natural parent and heir of Nigel Shelby, statutory survivors of her estate, hereby demand a trial by jury pursuant to FRCP 38, as to all issues so triable.

Dated this 13th day of April, 2021.

Respectfully submitted,

 /s/ Lynn M. Sherrod
**Lynn M. Sherrod, Esquire**
ASB-4485-h68m
**CONCHIN, COLE, JORDAN & SHERROD**
2404 Commerce Court
Huntsville, AL 35801
Telephone: (256) 705-7777
Facsimile: (256) 705-7778

**DEFENDANTS TO BE SERVED:**

City of Huntsville
308 Fountain Circle
Huntsville, AL 35801

Mayor Tommy Battle
308 Fountain Circle
Huntsville, AL 35801

City of Huntsville Board of Education
200 White Street
Huntsville, AL 35801

Huntsville City Schools
200 White Street
Huntsville, AL 35801

Christine Finley
200 White Street
Huntsville, AL 35801

Huntsville High School
2304 Billie Watkins St. SW
Huntsville, AL 35801

Aaron King
2304 Billie Watkins St. SW
Huntsville, AL 35801

Lauren Woltjen
2304 Billie Watkins St. SW
Huntsville, AL 35801
David Whitener

2304 Billie Watkins St. SW
Huntsville, AL 35801

Jo Stafford
2304 Billie Watkins St. SW
Huntsville, AL 35801