FILED
2022 Jun-24 AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**CAMIKA SHELBY, as heir of Nigel Shelby**
**and personal representative of the**
**ESTATE OF NIGEL SHELBY, et al.,**

    **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　CASE NO.: 5:21-cv-520-CLS

**HUNTSVILLE CITY BOARD OF**
**EDUCATION, et al.,**

    **Defendants.**

## DEFENDANT HUNTSVILLE CITY BOARD OF EDUCATION'S OBJECTONS AND RESPONSES PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW Defendant Huntsville City Board of Education ("Defendant") and, for its responses and objections to Plaintiff's First Interrogatories to the Huntsville City Board of Education, states as follows:

### General Statements

1. The following responses constitute the best information presently available to Defendant. However, Defendant has not completed its discovery, Defendant's attorneys have not completed their investigation of the claims asserted by Plaintiff in this lawsuit, and Defendant has not completed its preparations for trial. Accordingly, the following responses are provided without prejudice to Defendant's right to amend, supplement, or change said responses, or to produce evidence of any subsequently discovered facts or documents, or to provide additional or revised interpretations of those facts or documents, if and when additional, different, or more accurate information becomes available. Moreover, the following responses are subject to correction for inadvertent errors or

omissions, if any such errors or omissions are later found to exist, pursuant to the rules of this Court.

      2.      By responding to these requests, Defendant does not waive any objections which may be appropriate to the use, for any purpose, by any party, of any of the documents contained in Defendant' responses, or to the admissibility, relevancy, or materiality of any such information as to any issue in this case.

## **General Objections**

Defendant objects to each and every interrogatory propounded on the Defendant to the extent that the same is subject to any one or more of the followings grounds:

      1.      Defendant objects to the extent that any interrogatory seeks information or documents subject to the attorney-client privilege.

      2.      Defendant objects to the extent that any interrogatory seeks information or documents prepared in anticipation of litigation or for trial by the Defendant or his representatives or the work product of Defendant's counsel, without proper showing under the provisions of Rule 26, Fed. R. Civ. P.

      3.      Defendant objects to the extent that any interrogatory seeks information or documents that are protected or treated as confidential and/or proprietary without the protection of a protective order entered in this action.

      4.      Defendant objects to the extent that any interrogatory seeks information or documents which are not relevant to any issue in this case nor would the production of such information or documents reasonably lead to the discovery of any evidence relevant to the claim or defense of any party in this case.

      5.      Defendant objects to the extent that any interrogatory seeks information or materials which are not discoverable because they are not reasonably calculated or likely to lead to the discovery of admissible evidence.

      6.      Defendant objects to the extent that any interrogatory seeks information or documents which are protected from discovery under the Federal Rules of Civil Procedure, the laws of the United States, and/or the United States Constitution.

7. Defendant objects to the extent that any interrogatory is overly broad, unduly burdensome, or so vague and non-specific as to insufficiently permit a meaningful response.

8. Defendant objects to Plaintiff's discovery requests where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues presented in this litigation.

9. Defendant objects to Plaintiff's discovery requests that requested information or documents pertaining to any facilities or operations other than the facility at which Nigel Shelby was a student on the grounds stated in paragraph 8, above, and on the grounds that such information or documents are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

10. Defendant objects to all discovery requests of Plaintiff that seek documents that are proprietary or unreasonably intrusive into private matters of the students and employees of the Huntsville City Board of Education.

11. Defendant objects to Plaintiff's discovery requests that are unreasonably cumulative or duplicative or seek documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

12. Defendant objects to Plaintiff's discovery requests which seek information or documents that are immune from or outside of the scope of Rule 33 and are not relevant to Plaintiff's claim against Defendant.

13. Defendant makes her responses without conceding the relevancy, materiality, or admissibility of any documents and without prejudice to his right to object to further discovery or to the admissibility of any evidence during any subsequent proceeding.

14. Defendant reserves the right to claim any applicable privilege or protection with respect to its responses provided by Defendant in response to Plaintiff's discovery requests which may otherwise qualify for such privilege or protection, is not intended to and do not constitute a waiver of that privilege.

# INTERROGATORIES

1. *What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?*

    A) *If an individual is answering said interrogatories, have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.*

**RESPONSE**: Superintendent Christie Finley executed these interrogatories on behalf of the Huntsville City Board of Education. Ms. Finley has not been convicted of a felony or a crime involving dishonesty or a false statement.

2. *Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff(s) complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.*

**RESPONSE**: The Defendant has an agreement with Alabama Trust for Boards of Education ("ATBE"). A copy of the Defendant's agreement with ATBE was included with its Initial Disclosures and bates stamped as HCBOE 000849 - HCBOE 000854.

3. *Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident all actions taken by you once you were made aware of the incident, and all actions taken by you throughout the duration of the incident.*

**RESPONSE**: Defendant objects to this interrogatory on the basis that it is so overly broad, vague, and non-specific as to insufficiently permit a meaningful response.

4. *Describe in detail each act or omission on the part of any party to this lawsuit, and/or any person involved in this incident that you contend was a contributing legal cause of the incident in question.*

**RESPONSE**: Defendant objects to this interrogatory on the basis that it is so overly broad, vague, and non-specific as to insufficiently permit a meaningful response.

5. *Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.*

**RESPONSE**: Defendant objects to this interrogatory on the basis that it is so overly broad, vague, and non-specific as to insufficiently permit a meaningful response. Defendant also objects to this request as premature on the basis that Defendant has not had the benefit of discovery to make a proper determination

6. *Were you or any other person to your knowledge, charged with any violation of law (including any regulations or ordinances or administrative complaint) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?*

**RESPONSE**: No.

7. *List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge, including but not limited to: your employees/agents that witnessed any aspect of the incident, have knowledge of the incident, and*

*have conducted and/or participated in any investigation into the incident, including but not limited to, the witnesses named on your initial disclosures.*

**RESPONSE**: See the Defendants' Initial Disclosures and any amendments thereto.

8. *Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.*

**RESPONSE**: Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and the work product doctrine. Defendant also objects to this interrogatory on the basis that it is so overly broad, vague, and non-specific as to insufficiently permit a meaningful response. Subject to this objection, the Board states that it is aware that Jo Stafford had communications with Camika Shelby concerning issues related to this lawsuit. Jo Stafford is the best source of information concerning the specifics of these communications. The Board is aware that Camika Shelby has made a number of statements concerning issues related to this lawsuit. The Board does not currently know when these statements were made and exactly what was stated. However, the best evidence of these statements are audio and/or video recordings of these statements and press accounts of these statements.

9. *Do you intend to call any expert witnesses at the trial of this case? If so, state as to each witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.*

**RESPONSE:** Defendant objects to this interrogatory as premature as the deadline for expert disclosures is specifically set in the Court's Scheduling Order. Defendant has not decided at this early stage in the litigation whether it intends to call an expert witness or expert witnesses. If the Defendant decides to call an expert witness or expert witnesses, it will provide disclosures in the manner and by the time required by the Court's Scheduling Order.

10. *Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.*

**RESPONSE:** No.

11. *Please provide any information related to any other student who has made any formal and/or informal allegation of sex/gender discrimination, sexual harassment, battery, allegations of Title IX violations, racial discrimination, and/or allegations of Equal Protection Clause violations against any Defendant Huntsville City Board of Education employee, administrator, student, and/or coach, and/or assistant coach, whether or not said allegations were substantiated and/or unsubstantiated, and whether or not said allegations were investigated from 2014-today's date including:*
    a. *Name of the reporting party, and identify whether said person is an employee, administrator, student, and/or coach, and/or assistant coach.*
    b. *Name of the accused/accused and identify whether said person is an employee, administrator, student, and/or coach, and/or assistant coach.*
    c. *Date of the incident.*
    d. *Factual details regarding the allegations.*
    e. *Whether any investigation, administrative investigation, and/or criminal investigation, was conducted and the findings and/or conclusions of said investigation, and name the agency(ies) that conducted said investigation(s).*

**RESPONSE**: Defendant objects to this request because it is overly broad, unduly burdensome, so vague and non-specific as to insufficiently permit a meaningful response. Defendant also object to this interrogatory because seeks information which is not relevant to any issue in this case nor would the production of such information reasonably lead to the discovery of any evidence relevant to the claim or defense of any party in this case. Defendant also objects to this interrogatory on the basis that the burden of collecting all of the requested information outweighs its likely benefit. Defendant also objects to the extent that this interrogatory seeks information pertaining to schools or operations other than the school at which Nigel Shelby was a student on the grounds that such information is neither

admissible nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that the information sought is protected by the Family Educational Rights and Privacy Act ("FERPA").

13. *In regard to Plaintiff Nigel Shelby, please list every time he reported whether formally and/or informally that he was a victim of harassment, bullying and/or discrimination based on sex/gender/sexuality/race and/or generally, and please identify the date of the incident, describe the factual circumstances the involved parties and their respective roles in the incident, any witnesses, and please identify whether any grievance process and/or investigation was initiated, whether Nigel's parents were notified, and whether anybody was disciplined as a result of the report.*

**RESPONSE**: Approximately one week prior to his suicide, Nigel Shelby discussed with Jo Stafford that he was upset about what a person said to him on Snapchat about LGBT rights. The person who sent Nigel Shelby the Snapchat message(s) was not a student, and Nigel Shelby did not indicate that he knew the person. There was no student discipline or grievance initiated as a result of this conversation. To the Board's knowledge, Nigel Shelby's parents were not notified about this conversation at that time. The Board is not aware of any other report by Nigel Shelby to Board officials of being harassed, bullied, or being the victim of discrimination while at Huntsville High School. While attending Huntsville Middle School during the previous year, Nigel Shelby was involved in a physical altercation with a student on a school bus.

14. *In regard to Plaintiff Nigel Shelby, please list every time he reported whether formally and/or informally that he was struggling with his sexuality and/or had suicidal ideations and/or was suicidal, and please identify the date of the incident, describe the factual circumstances the involved parties and their respective roles in the incident, any witnesses, and please identify whether he was offered any assistance and whether any person or agency was notified, and whether his parents were notified.*

**RESPONSE:** The Board is not aware of Nigel Shelby reporting to any Board officials that he was struggling with his sexuality or that he had suicidal ideations and/or was suicidal.

## VERIFICATION

**STATE OF ALABAMA**           )

**COUNTY OF MADISON**          )

Christie Finely, in her/his capacity as the Superintendent of the Huntsville City Board of Education, after being duly sworn, deposes and says that she is informed and believes and, on the basis of such information and belief, states that the foregoing Responses to Interrogatories are true and correct.

This the  3rd  day of February, 2022.

*Christie Finley*
Christie Finley

Sworn to and subscribed before me this the 3rd day of February, 2022.

My Commission Expires:

*August 20, 2023*

*Lisa Teague*
NOTARY PUBLIC

LISA TEAGUE
NOTARY PUBLIC, ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES AUG. 20, 2023

*Taylor P. Brooks*
Taylor P. Brooks
Christopher M. Pape
Zachary B. Roberson
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Phone: 256-535-1100
tpb@lanierford.com
cmp@lanierford.com
zbr@lanierford.com
*Attorneys for Defendant*
*Huntsville City Board of Education*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following attorneys for Plaintiff by electronic mail:

Kenneth Bridges, Cole, Jr.
Lynn M. Sherrod
CONCHIN, COLE, JORDAN & SHERROD
2404 Commerce Court
Huntsville, Alabama 35801
kenny@alainjurylaw.com
lynn@alainjurylaw.com

Jasmine Rand
Rand Law, LLC
2525 Ponce de Leon Blvd.
Suite 300
Miami, FL 33134
jasminerand@gmail.com

Adele P. Kimmel
Alexandra Z. Brodsky
PUBLIC JUSTICE, P.C.
1620 L Street, NW
Suite 630
Washington, DC 20036
akimmel@publicjustice.net
abrodsky@publicjustice.net

Benjamin Crump
Ben Crump Law, PLLC
122 S. Calhoun Street
Tallahassee, Florida 32301
ben@bencrump.com

on this the 4th day of February, 2022.

_Taylor P. Brooks_