# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CAMIKA SHELBY, as heir of Nigel Shelby
and personal representative of the
ESTATE OF NIGEL SHELBY, et al.,

    Plaintiffs,

v.                                     CASE NO.: 5:21-cv-520-CLS

HUNTSVILLE CITY BOARD OF
EDUCATION, et al.,

    Defendants.

## DEFENDANT HUNTSVILLE CITY BOARD OF EDUCATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant Huntsville City Board of Education (hereinafter "the Board"), pursuant to the Federal Rules of Civil Procedure and respond to the Plaintiffs' Requests for Production as follows:

### General Statements

1.    The following responses constitute the best information presently available to the Board. However, the Board has not completed its discovery. The Board's attorneys have not completed their investigation of the claims asserted by the Plaintiff in this lawsuit, and the Board has not completed its preparations for trial. Accordingly, the following responses are provided without prejudice to the Board's right to amend, supplement, or change said responses, or to produce evidence of any subsequently discovered facts or documents, or to provide additional or revised interpretations of those facts or documents, if and when additional, different, or more accurate information becomes available. Moreover, the following responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist, pursuant to the rules of this Court.

2.    By responding to these requests, the Board does not waive any objections which may be appropriate to the use, for any purpose, by any party, of any of the documents contained in the Board's responses, or to the admissibility, relevancy, or materiality of any such information as to any issue in this case.

## General Objections

The Board objects to each and every request for production propounded on the Board to the extent that the same is subject to any one or more of the followings grounds:

1. The Board objects to the extent that any request for production seeks information or documents subject to the attorney-client privilege.

2. The Board objects to the extent that any request for production seeks information or documents prepared in anticipation of litigation or for trial by the Board or its representatives or the work product of the Board's counsel, without proper showing under the provisions of Rule 26, Fed. R. Civ. P.

3. The Board objects to the extent that any request for production seeks information or documents that are protected or treated as confidential and/or proprietary without the protection of a protective order entered in this action.

4. The Board objects to the extent that any request for production seeks information or documents which are not relevant to any issue in this case nor would the production of such information or documents reasonably lead to the discovery of any evidence relevant to the claim or defense of any party in this case.

5. The Board objects to the extent that any request for production seeks information or materials which are not discoverable because they are not reasonably calculated or likely to lead to the discovery of admissible evidence.

6. The Board objects to the extent that any request for production seeks information or documents which are protected from discovery under the Federal Rules of Civil Procedure, the laws of the United States, and/or the United States Constitution.

7. The Board objects to the extent that any request for production is overly broad, unduly burdensome, or so vague and non-specific as to insufficiently permit a meaningful response.

8. The Board objects to Plaintiff's discovery requests where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues presented in this litigation.

9. The Board objects to Plaintiff's discovery requests that request information or documents pertaining to any of the Board's schools other than the school at which Nigel Shelby was a student on the grounds stated in paragraph 8, above, and on the grounds that such information or documents are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

10. The Board objects to all discovery requests of Plaintiff that seek documents that are proprietary or unreasonably intrusive into private matters of the Board's employees and/or students.

11. The Board objects to Plaintiff's discovery requests that are unreasonably cumulative or duplicative, or seek documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

12. The Board objects to Plaintiff's discovery requests which seek information or documents that are immune from or outside of the scope of Rule 34 and are not relevant to Plaintiff's claim against the Board.

13. The Board makes its responses without conceding the relevancy, materiality, or admissibility of any documents and without prejudice to its right to object to further discovery or to the admissibility of any evidence during any subsequent proceeding.

14. The Board reserves the right to claim any applicable privilege or protection with respect to the responses provided by the Board in response to Plaintiff's request for production which may otherwise qualify for such privilege or protection, is not intended to and does not constitute a waiver of that privilege.

## Specific Objections and Responses

Without waiving any ground of objection heretofore stated, the Board specifically objects and responds to each separate request as follows:

## REQUESTS FOR PRODUCTION

1. *Copies of any insurance policies insuring Defendant HUNTSVILLE CITY BOARD OF EDUCATION, at the time of the incident which forms the subject matter in question and Defendant's Insurance Policy Declaration Sheet in force at the time of the incident, including but not limited to, any and all insurance policies, whether basic, umbrella, or excess which may pay any judgment in this case or provide any defense in this case.*

   **RESPONSE:** See documents produced by Defendants with Initial Disclosures and bates stamped HCBOE 000849 - HCBOE 000854.

2. *Copies of any and all documents, records, investigations, video, audio, photograph, diagram, correspondence, including emails, notes, text messages, and/evidence or thing in your possession related to Plaintiff Camika Shelby, Patrick Cruz (decedent's father) and/or Nigel Shelby, and/or the subject incident, and/or any investigation into the incident whether formal or informal, and/or any other grievance, investigation and/or report concerning Nigel Shelby in any way.*

**RESPONSE:** The Board objects to this request for production to the extent it seeks documents subject to the attorney-client privilege or the work-product doctrine. Subject to these objections, see documents produced with Initial Disclosures. The Board has also included additional responsive documents with these responses.

3. *Please provide any and all documents, reports, audio recordings, videos, photographs and/or any and all evidence related to prior reports/investigations of sexual assault, sexual harassment, battery, allegations of sex/gender discrimination, allegations of discrimination based upon sexuality, allegations of racial discrimination, allegations of Title IX violations, allegations of Equal Protection Clause violations against any Defendant Indian River County School Board employee, administrator, student, and/or coach, whether or not said allegations were substantiated and/or unsubstantiated, from 2014-today's date.*

    **RESPONSE:** The Board objects to this request for production to the extent it seeks documents subject to the attorney-client privilege or the work-product doctrine. The Board objects to this request because it is overly broad, unduly burdensome, so vague and non-specific as to insufficiently permit a meaningful response. The Board also objects to this request because it seeks documents which are not relevant to any issue in this case nor would the production of such documents reasonably lead to the discovery of any evidence relevant to the claim or defense of any party in this case. The Board also objects to this request on the basis that the burden of collecting all of the requested documents outweighs its likely benefit. The Board also objects to the extent that this request seeks documents pertaining to any school or operations other than the school at which Nigel Shelby was a student on the grounds that such documents are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. The Board also objects to the extent that this request seeks confidential student documents protected by FERPA.

4. *Any and all documents, training manuals, policies and procedures in the possession of Defendant HUNTSVILLE CITY BOARD OF EDUCATION, regarding bullying, harassment, discrimination, battery, sex/gender discrimination, race discrimination, discrimination based upon sexuality, Title IX violations, suicide and/or suicide prevention, the Equal Protections Clause, students due process rights, and ensuring the physical safety and mental health of students, effective from 2018-2021.*

    **RESPONSE:** The Board objects to this request for production to the extent it seeks documents subject to the attorney-client privilege or the work-product doctrine. Subject to these objections, see documents produced by Defendants with their Initial Disclosures. The Board has also included additional responsive documents with these responses.

5. *A complete copy of the employment file of Jo Stafford, the Principal employed on the date of the incident, any Vice Principals employed on the date of the incident, and any guidance counselor that met with Nigel during his attendance at the subject school, including but not limited to, hiring records, training records, and/or disciplinary records. For any employment file produced during presuit discovery, please just certify that the full file has already been produced and/or supplement any document not previously produced.*

    **RESPONSE:** Documents responsive to this request are being produced with these responses.

6. *A complete copy of Nigel Shelby's school file including but not limited to: academic record, medical records, disciplinary records, counseling records, any suicide note he wrote, and/or any and/or complaints or reports made by Nigel Shelby for any reason including but not limited to bullying, harassment, discrimination, sex/gender discrimination, race discrimination, discrimination based upon his sexuality, and/or suicidal ideations and/or suicide attempts.*

    **RESPONSE:** Responsive documents were produced with the Board's Initial Disclosures.

7. *Please provide a copy of the entire file of any file related to any other student who has made any formal and/or informal allegation of sex/gender discrimination, sexual harassment, battery, allegations of Title IX violations, racial discrimination, and/or allegations of Equal Protection Clause violations against any Defendant Huntsville City Board of Education employee, administrator, student, and/or coach, and/or assistant coach, whether or not said allegations were substantiated and/or unsubstantiated, and whether or not said allegations were investigated from 2014-today's date.*

    **RESPONSE:** The Board objects to this request for production to the extent it seeks documents subject to the attorney-client privilege or the work-product doctrine. The Board objects to this request because it is overly broad, unduly burdensome, so vague and non-specific as to insufficiently permit a meaningful response. The Board also objects to this request because it seeks documents which are not relevant to any issue in this case nor would the production of such documents reasonably lead to the discovery of any evidence relevant to the claim or defense of any party in this case. The Board also objects to this request on the basis that the burden of collecting all of the requested documents outweighs its likely benefit. The Board also objects to the extent that this request seeks documents pertaining to any school or operations other than the school at which Nigel Shelby was a student on the grounds that such documents are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. The Board also objects to the extent that this request seeks confidential student documents protected by FERPA.

8. *Please provide a copy of the entire file of any file related to any other student who has notified the school of suicidal ideations and/or attempt suicide from 2014-today's date.*

   **RESPONSE:** The Board objects to this request for production to the extent it seeks documents subject to the attorney-client privilege or the work-product doctrine. The Board objects to this request because it is overly broad, unduly burdensome, and so vague and non-specific as to insufficiently permit a meaningful response. The Board also objects to this request because it seeks documents which are not relevant to any issue in this case nor would the production of such documents reasonably lead to the discovery of any evidence relevant to the claim or defense of any party in this case. The Board also objects to this request on the basis that the burden of collecting all of the requested documents outweighs its likely benefit. The Board also objects to the extent that this request seeks documents pertaining to any school or operations other than the school at which Nigel Shelby was a student on the grounds that such documents are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. The Board also objects to the extent that this request seeks confidential student documents protected by FERPA

/s/ Taylor P. Brooks
Taylor P. Brooks
Christopher M. Pape
Zachary B. Roberson
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Phone: 256-535-1100
tpb@lanierford.com
cmp@lanierford.com
zbr@lanierford.com

*Attorneys for Defendant*
*Huntsville City Board of Education*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following attorneys for Plaintiff by electronic mail:

Kenneth Bridges, Cole, Jr.
Lynn M. Sherrod
CONCHIN, COLE, JORDAN & SHERROD
2404 Commerce Court
Huntsville, Alabama 35801
kenny@alainjurylaw.com
lynn@alainjurylaw.com

Jasmine Rand
Rand Law, LLC
2525 Ponce de Leon Blvd.
Suite 300
Miami, FL 33134
jasminerand@gmail.com

Adele P. Kimmel
Alexandra Z. Brodsky
PUBLIC JUSTICE, P.C.
1620 L Street, NW
Suite 630
Washington, DC 20036
akimmel@publicjustice.net
abrodsky@publicjustice.net

Benjamin Crump
Ben Crump Law, PLLC
122 S. Calhoun Street
Tallahassee, Florida 32301
ben@bencrump.com

on this the 4th day of February, 2022.

_Taylor P. Brooks_
Taylor P. Brooks